Muñoz et al., Peticionarios, *v.* La Corte de Distrito de Ponce, Demandada.

Solicitud para que se expida un auto de *certiorari* dirigido a la Corte de Distrito de Ponce, Hon. Rafael Díaz Cintrón, Juez.

No. 411.—Resuelto en mayo 7, 1923.

*Certiorari*—Facultad Discrecional del Tribunal Supremo.—Cuando está dentro de la facultad de un peticionario el obtener sentencia y una revisión mediante apelación, esta corte no debe ejercitar su poder discrecional para revisar por *certiorari* a menos que esté convencida de que algún verdadero perjuicio ocurrirá al peticionario.

Los hechos están expresados en la opinión.

Abogado de los peticionarios: *Sr. L. Muñoz Morales.*

La parte contraria no compareció.

El Juez Asociado Sr. Wolf, emitió la opinión del tribunal.

La lectura de la petición en este caso en la cual no se ha oído a la otra parte, nos inclinaría a la idea de que existe razón en la posición asumida por los peticionarios de que la estipulación de someter los hechos concernientes a la línea divisoria entre las fincas de una y otra parte a tres peritos, o era el arbitraje mencionado en los artículos 204 y siguientes del Código de Enjuiciamiento Civil, o fué por lo menos un convenio arbitral obligatorio para las partes en cuanto a los hechos sometidos.

Sin embargo, estamos convencidos de que el auto de *certiorari* no debe expedirse en este caso, primero, porque el convenio arbitral aparentemente no resolvió todas las cuestiones planteadas en el caso, y segundo, porque los peticionarios no carecen de un remedio.

Consideraremos primero la segunda cuestión por ser de mayor interés. Cuando un demandado presenta una excepción previa la cual se declara sin lugar, él puede obtener una revisión de su caso permitiendo que se dicte sentencia contra él. Asimismo si los peticionarios hubieran estado seguros de su contención al ser llamado el caso a juicio, o lo estuvieran cuando vuelva a llamarse para juicio el día 9 de mayo, ellos pudieron haberse negado, o pueden aún negarse a presentar prueba y permitir que se dicte sentencia contra ellos con el consiguiente derecho de apelación. Lo que la corte inferior ha hecho es negarse a dictar sentencia sobre el informe arbitral e incumbe a los peticionarios el resolver si han de presentar o no alguna otra prueba. Además, la corte inferior puede llegar a convencerse de que los peticionarios tienen razón, ya por virtud del informe arbitral o por cualquier prueba adicional que puedan ellos someter. De todos modos, cuando está dentro de la facultad de un peticionario el obtener sentencia y una revisión mediante apelación, esta corte no debe ejercitar su poder discrecional para revisar por *certiorari* a menos que esté convencida de que algún verdadero perjuicio ocurrirá al peticionario.

Sea como esto fuere, la petición muestra que fué levantada una alegación de prescripción y no encontramos que la estipulación abarcara esta cuestión. Mientras no se resuelva la corte inferior no podía dictar ninguna sentencia.

El auto de *certiorari* debe ser denegado.

*Denegado.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.